**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO MERCADO GUILLEN, | No. 17-72308 |
| Petitioner, | Agency No. A200-231-978 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BRESS, Circuit Judges.

Ricardo Mercado Guillen ("Mercado") appeals the order of an Immigration

Judge ("IJ") reinstating a prior order of removal and affirming an asylum officer's

determination that Mercado did not demonstrate a reasonable possibility of

persecution or torture in Mexico based on a protected ground. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252 because "[a]n IJ's negative determination regarding the alien's reasonable fear makes the reinstatement order final, *see* 8 C.F.R. § 208.31(g)(1), and thus subject to review under 8 U.S.C. § 1252." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). In this situation, "the alien may not appeal the decision to the Board of Immigration Appeals," and this court thus reviews the IJ's determination directly. *Id.* at 832. We assume the parties' familiarity with the facts and deny the petition.

1.    Mercado argues his due process rights were violated because Immigration and Customs Enforcement ("ICE") did not consider his letters requesting that the agency exercise its discretion and decline to reinstate removal proceedings, based on Mercado's family situation and limited criminal history. We review questions of law, including constitutional questions, de novo. *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1136 (9th Cir. 2008).

Mercado's due process challenge is without merit. There is insufficient evidence that ICE received Mercado's letters. Regardless, the record indicates that the asylum agent was aware of the most pertinent information in Mercado's letters. The government also represents that it has since reviewed the letters and is declining to exercise its discretion in the manner requested. Under these circumstances, we cannot conclude that ICE's alleged failure to consider Mercado's letters was prejudicial. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.

2

2000). And for this reason, Mercado's reliance on *Villa-Anguiano v. Holder*, 727 F.3d 873 (9th Cir. 2013), is inapt. *Villa-Anguiano* also involved a defect in the original removal order, which is not the case here. *Id.* at 879–80.

2. Mercado next challenges the IJ's negative reasonable fear determination. We review this determination for substantial evidence and must "uphold the IJ's conclusion that [petitioner] did not establish a reasonable fear of torture [or persecution] unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Andrade-Garcia*, 828 F.3d at 833 (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)). An alien can seek to avoid removal based on a reinstated removal order where the alien has shown a "reasonable fear of persecution or torture," which requires "establish[ing] a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal." 8 C.F.R. § 208.31(c); *see also Andrade-Garcia*, 828 F.3d at 835.

Substantial evidence supports the IJ's negative reasonable fear determination. Mercado's testimony indicated that Mercado feared economically-motivated crime that exists generally in Mexico—which does not constitute grounds for relief. *See, e.g.*, *Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019). While Mercado made some statements indicating he feared harm based on

3

his familial relation to his sister, he denied this at times and also explained that nobody in his family had received threats since his sister returned to Mexico. The IJ thus did not err in concluding that Mercado had failed to show a reasonable fear of persecution or torture based on a protected ground. *See* 8 C.F.R. § 208.31(c). We also reject as unsupported Mercado's contentions that the IJ applied an improper legal standard, or that the IJ decision contained insufficient explanation.

**PETITION DENIED.**